# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATALIYA RAKOWSKY,
                Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
DE-0831-14-0388-I-1

DATE: January 6, 2017

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven E. Brown</u>, Esquire, Westlake Village, California, for the appellant.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her request for a survivor annuity under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant's deceased spouse, the annuitant, retired under the CSRS on December 29, 1986. Initial Appeal File (IAF), Tab 6 at 36-38. At the time of his retirement, the annuitant was married and elected a survivor annuity for his then-spouse. *Id*. at 36, Tab 13 at 15-16. After the annuitant informed OPM that his then-spouse died on January 31, 1996, OPM notified him that it had adjusted his retirement annuity to the full-life rate due to his change in marital status. IAF, Tab 6 at 32, 34. There is no indication that the annuity was reduced to fund a survivor annuity thereafter.

¶3    The annuitant married the appellant on February 5, 1997. *Id*. at 30-31. In January 1998, the annuitant designated the appellant on Standard Form (SF) 2823 and SF-2808 as his beneficiary under the Federal Employees' Group Life Insurance program and under the CSRS to receive a lump-sum death benefit. IAF, Tab 13 at 18, 20. In May 2010, the annuitant sent to OPM a copy of a certificate of his marriage to the appellant. IAF, Tab 6 at 29-31. After the

annuitant died on June 27, 2013, the appellant filed a claim for a survivor annuity that OPM denied. *Id.* at 11, 26. She requested reconsideration, and OPM affirmed its decision. *Id.* at 6-10.

¶4 The appellant filed a Board appeal of OPM's reconsideration decision and asked for a hearing. IAF, Tab 1. After holding a telephonic hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 23, Initial Decision (ID) at 2, 6. Specifically, she found that the record was devoid of evidence showing that the annuitant manifested an unmistakable intent to provide the appellant with a survivor annuity benefit and that he failed to make a legally sufficient election of such a benefit. ID at 4. The administrative judge further found that OPM complied with the statutory annual notice requirement and the appellant failed to prove that the annuitant did not receive the annual notices. ID at 5-6.

¶5 The appellant has filed a petition for review arguing, among other things, that: she is entitled to a survivor annuity because the annuitant manifested an intent to provide her with benefits; the administrative judge erred in finding that OPM established that the annuitant received the statutorily required notice; and OPM failed to provide the annuitant with a survivor annuity election form after he designated her as his beneficiary on the SF-2808 and SF-2823. Petition for Review (PFR) File, Tab 2 at 8, 10, 14-15, 31-32. The agency has filed a response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 An individual seeking retirement benefits bears the burden of proving her entitlement to those benefits by preponderant evidence. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). To meet this burden, the appellant must show that the annuitant elected to provide a survivor annuity for her "in a signed writing received" by OPM within 2 years after their marriage.

5 U.S.C. § 8339(j)(5)(C)(i); *see Jordan v. Office of Personnel Management*, 100 M.S.P.R. 623, ¶ 7 (2005) (explaining that the annuitant, who had elected a survivor annuity for his then-spouse at the time of his retirement and remarried after she died, had 2 years after his remarriage to elect a survivor annuity for his current spouse). An annuitant is not required to use any particular form in making an election, but an annuitant's intention to provide a survivor annuity benefit is insufficient to constitute an effective election in the absence of a signed writing received by OPM within 2 years of the date of his marriage that manifests an unmistakable intent to provide such a benefit. *Robinson v. Office of Personnel Management*, 106 M.S.P.R. 255, ¶¶ 8-9 (2007); *Jordan*, 100 M.S.P.R. 623, ¶ 7.

¶7      Here, the administrative judge found that, while the annuitant intended to provide the appellant a survivor annuity, as mentioned previously, there was no record evidence that the annuitant made the election in a writing to OPM. ID at 4. The appellant has not shown error in the administrative judge's finding. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶8      OPM has a statutory obligation to notify annuitants annually of their survivor annuity election rights under 5 U.S.C. § 8339(j). Pub. L. No. 95-317 (codified at 5 U.S.C. § 8339 note); *Brush v. Office of Personnel Management*, 982 F.2d 1554, 1559-60 (Fed. Cir. 1992). In appeals concerning the question of whether OPM sent such notification, OPM has the burden of proving both that it sent the annual notice and the contents of the notice. *Cartsounis v. Office of Personnel Management*, 91 M.S.P.R. 502, ¶ 5 (2002). If OPM establishes through credible evidence that it is more probable than not that it sent the annual notice(s), the appellant then must present credible testimony or other evidence supporting the contention that the annuitant did not receive the notice(s). *Id.*

¶9        Here, the OPM official responsible for printing and distributing retirement forms and notices provided an affidavit explaining how general notices regarding survivor elections were sent annually to all annuitants on OPM's master annuity roll from 1989 to 2000.  IAF, Tab 6 at 12-13.  The record includes copies of the notices sent in December 1997 and 1998, which contain information on "Survivor Annuity Benefits for a Spouse You Marry After Retirement" and state the 2-year election requirement.  *Id.* at 20-24.  Our reviewing court held in *Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1380-81 (Fed. Cir. 1999), that a similar affidavit satisfied OPM's burden of proving both that it sent the required annual notice and the contents of that notice.  Accordingly, we agree with the administrative judge's findings that the annuitant received OPM's general notices in December 1997 and 1998, within the 2-year period after his remarriage, and that the content of such notices was legally sufficient to satisfy the statutory annual notice requirement.[2]  ID at 3, 5-6; *see Cartsounis*, 91 M.S.P.R. 502, ¶ 7 (finding that OPM's affidavit and notice satisfied its burden of proving both that it sent the required annual notice and the contents of that notice).  Based on our review of the record, we also agree with the administrative judge's finding that the appellant failed to present credible testimony or other evidence showing that the annuitant did not receive the annual notices.[3]  ID at 5; *see Stracquatanio v.*

---

[2] This case is factually distinguishable from *Simpson v. Office of Personnel Management*, 347 F.3d 1361, 1364-65 (Fed. Cir. 2003), in which our reviewing court found that OPM's general notice failed to properly inform an annuitant, who already had elected a survivor annuity for his spouse at the time of his retirement, of the requirement to make a reelection for her following their divorce.  This appeal involves different factual circumstances, and we discern no reason to find OPM's notice inadequate.  *See Schoemakers*, 180 F.3d at 1379-81.

[3] The appellant argues that the administrative judge failed to consider her testimony and evidence showing that the annuitant did not receive the annual notices.  PFR File, Tab 2 at 8.  However, the administrative judge addressed her contention that the annuitant did not receive OPM's notices and found it without merit.  ID at 5.  To the extent that the administrative judge did not discuss her hearing testimony in depth, that does not mean that he did not consider it.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

*Walkama*, [54 M.S.P.R. 529](), 532 (1992) (stating that a letter that is properly addressed, stamped, and mailed is presumed to be delivered to the addressee).

¶10        Regarding the appellant's argument that OPM failed to provide the annuitant with a survivor annuity election form after he designated her as his beneficiary on a SF-2808 and SF-2823, the appellant has not cited to any requirement for OPM to take this action.  PFR File, Tab 2 at 14-15, 31.  Further, the election to provide lump-sum death benefits and life insurance benefits is insufficient to establish a survivor annuity election.  *See Kirk v. Office of Personnel Management*, [93 M.S.P.R. 547](), ¶¶ 8, 10 (2003) (finding that, although the annuitant designated his second wife as his beneficiary on SF-2808 and SF-2823, he failed to prove that she was entitled to a survivor annuity because he did not fulfill the statutory election requirements); *see also Robinson*, [106 M.S.P.R. 255](), ¶ 8 (finding that submission of a completed SF-2808 does not manifest an unmistakable intent to elect a survivor annuity benefit).

¶11        The appellant further claims on review that OPM's mistakes in adjudicating her annuity application, such as referring to the annuitant as "Mr. Jenkins" and claiming that he did not notify OPM of his remarriage, show that OPM mishandled his records and lost his written election. PFR File, Tab 2 at 8-9, 12-13.  We disagree and find that OPM simply made typographical errors.  To the extent the appellant argues that the annuitant was unable to make a survivor annuity election due to his deteriorating mental condition, our reviewing court has rejected a similar argument.  PFR File, Tab 2 at 7, 33; *see Schoemakers*, 180 F.3d at 1381-82.

¶12        The appellant also argues that, although the annuitant's retirement annuity was not reduced to provide for a survivor annuity, she was willing to retroactively pay the amount to receive survivor annuity benefits.  PFR File, Tab 2 at 11.  The appellant cites no legal authority for such an action, and the Board lacks the authority to waive requirements that Congress has imposed as a condition to the payment of Federal money.  *Schoemakers*, 180 F.3d at 1382.

¶13    With her petition for review, the appellant has submitted letters purportedly sent from the annuitant to the Defense Finance and Accounting Service, medical documentation showing the annuitant's memory loss, letters supporting the annuitant's intent to provide a survivor annuity for her, a list of her medications and supplements, and evidence from the record below.  PFR File, Tab 2 at 12-29. We need not consider these submissions because they do not constitute new evidence.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Nevertheless, even if we were to consider this evidence, it is immaterial to whether the annuitant made a legally sufficient survivor annuity election and does not warrant a different outcome than that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶14    Accordingly, we find that the administrative judge properly affirmed OPM's reconsideration decision that denied the appellant's request for a survivor annuity.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                     _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.